## C. S. WENGERT, RESPONDENT, v. MACLAY LYONS, APPELLANT.*

Kansas City Court of Appeals. June 15, 1925.

*Corpus Juris-Cyc References: Motor Vehicles, 42CJ, p. 1238, n. 49; p. 1241, n. 74; p. 1283, n. 39; Negligence, 45CJ, p. 909, n. 60; p. 910, n. 61.

*Davis & Woodruff* and *Clark W. Jennings* for respondent.

*Wilkinson, Wilkinson & Dabbs* and *Claud B. Flora* for appellant.

ARNOLD, J.—This is an action for damages to plaintiff's automobile alleged to have been caused by the negligence of defendant. The suit originated in a justice court where the judgment was for plaintiff and on appeal to the circuit court the judgment was for plaintiff in the sum of $86.40, and defendant appeals.

The facts of record are that about noon on August 13, 1922, plaintiff, in company with two men named Bowers, was driving north on Main street in Kansas City, in his Ford coupe at a speed estimated at fifteen to twenty miles per hour, when he came to Fifty-seventh Street Terrace, an east and west street which intersects Main street. Plaintiff testified that when he reached the intersection he first looked to the east and saw no car approaching, and proceeded to cross; that after his car had entered the intersection he again looked east and for the first time saw defendant's car approaching from that direction at a rate of speed approximating thirty miles an hour and coming straight at the side of his car; that the two cars came within six inches of each other, and in order to avoid a collision, he turned his car suddenly to the left into Fifty-seventh Street Terrace, west of Main street. As he turned the corner there was a blowout on the right front tire and the car tipped over against the lamp post on the north side of Fifty-seventh Street Terrace, a few feet west of the northwest corner of the intersection; that he turned the corner only for the purpose of preventing a collision between the two cars, and that he had no other reason for turning west as he did; that defendant's car forced him to turn at that point; that he was unable to state whether the car started to turn over before or after the blow-out.

Plaintiff states that defendant's car stopped on the west side of Main street, at or near the northwest corner of the intersection, having its front wheels slightly upon the terrace, and the rear wheels touching the curbstone. Peter Bowers, one of the men riding with plaintiff, testified on plaintiff's behalf, corroborating him in essential particulars. He stated plaintiff's car entered the intersection first, that it was going eighteen to twenty miles an hour and defendant's about thirty; that defendant's car stopped at the northwest corner of the intersection, with its rear wheels in the gutter and its front wheels over on the sidewalk on the west side of Main street at the intersection and probably upon the terrace.

Defendant testified he was going west on Fifty-seventh Street Terrace approaching Main street; that there is an up grade both east and west of Main street, going west; that the two cars reached the intersection at about the same time and that they did not approach nearer than ten feet of each other; that as plaintiff's car turned west at the intersection a tire in plaintiff's car blew out; that he had no idea how fast plaintiff's car was traveling, but that his (defendant's) car was going at a speed of about eighteen miles per hour; that he blew his horn on approaching Main street. Defendant also stated

that his tires skidded across Main street in his effort to stop, and that he succeeded in stopping on the northwest corner of the intersection; that his front wheels may have been six inches to a foot upon the sidewalk.

Defendant's son, Maclay Lyon, Jr., who was with his father at the time, testified that his father's car came almost to a dead stop at the east line of Main street, and that at the time he could see plaintiff's car a distance of ninety feet south of the south line of Fifty-Seventh Street Terrace and that plaintiff's car at the time was going about thirty miles per hour. This witness also testified that defendant's car stopped at the east line of Main street and never got over to the northwest corner of the intersection.

By agreement a jury was waived and the cause was tried to the court, resulting in judgment for plaintiff as above stated. Motions for new trial and in arrest were unavailing and defendant appeals.

In his assignments of error defendant charges the court erred in refusing to give defendant's declaration of law in the nature of a demurrer to plaintiff's evidence. It is argued that defendant's negligence was not the proximate cause of plaintiff's damage, but that such damage was the result of the blow-out of plaintiff's tire, the bumpy pavement and the "crown" in the road of which there was evidence.

Proximate cause has been defined to be that which, in a natural and continuous sequence, unbroken by any new cause, produces the event and without which the event would not have occurred. [Dickson v. R. Co., 124 Mo. 140, 149.] The general rule is found in 29 Cyc. 490, 491, as follows: ". . . it is not necessary that the cause of the injury should be the immediate, the last, or the nearest cause in time or distance to the consummation of the injury. It is sufficient if it be the efficient cause which set in motion the chain of circumstances leading up to the injury, and which in natural, continuous sequence, unbroken by any new and independent cause, produced the injury. The primary cause will be the proximate cause where it is so linked and bound to the succeeding events that all create or become a continuous whole, the one so operating on the others as to make the injury the result of the primary cause."

It is urged by plaintiff that defendant's negligence was the proximate cause of the damage to plaintiff's car, that it was the sudden sharp turn, made necessary by the imminent danger of a collision created by defendant's negligence that set in motion the train of events which, in their natural sequence, might have been expected to produce the injury; that it is quite natural for a blow-out to occur on a sharp turn; but that a blow-out, even on the crown of a bumpy pavement, will not cause a car going at the moderate rate of fifteen to twenty miles per hour to turn over; that the blow-out may, or may not, have been a contributing cause. As to this contention of plain-

tiff, it may be pointed out that it is not possible to determine from the testimony whether the blow-out occurred before the car turned over. If it was the sharp turn that was the impelling agency, without which the blow-out would not have occurred, and the crown of the road and the bumpy pavement would have been harmless. The undisputed evidence is that the sharp turn to the left was made solely in an effort to avoid the impending collision and that as the turn was made the blow-out occurred and the car started to turn over at approximately the same time. From the rule announced above, it is clear that the question of proximate cause is one for the jury, or for the court sitting as a jury.

It was held in Johnson v. Const. Co., 188 Mo. App. 105, 173 S. W. 1081, 1084: "The question of proximate cause of an injury is ordinarily one of fact for the jury as well as whether or not the injurious consequences that resulted are such as ought to have been foreseen by a reasonably prudent man." Plaintiff argues, and we think with much justice, that defendant knew or should have known the condition of the roadway and as a reasonably prudent and careful man, knew, or should have known that a sharp turn at such a place and under such conditions might cause a car to turn over; even if no blow-out should occur. Under the law as above declared we must hold that there was no error in the overruling of the demurrer at the close of plaintiff's evidence and again at the close of all the evidence. In the light of the testimony presented, the trial court was fully justified in holding that plaintiff was not guilty of contributory negligence, because there was substantial evidence that he looked and saw no car approaching before he entered the intersection. This rule is recognized in Warrington v. Byrd, 181 S. W. 1079. [See, also, Meyer v. Lewis, 43 Mo. App. 417.]

Finally it is charged the court erred in refusing to give defendant's declaration of law "C" which reads as follows:

"The court declares the law to be that under the law of this State, if two vehicles reach an intersection at approximately the same time, then the vehicle approaching said intersection from the right shall have the right of way. And if the court finds and believes from the evidence that plaintiff's motor car was being driven north or Main street, and that defendant's motor car was being driven west on Fifty-seventh street; and if it further finds and believes from the evidence that said vehicles reached said intersection at the same time or at approximately the same time, then defendant's motor car had the right of way."

There is no doubt but that this declaration properly declares the law on this point and we do not understand that plaintiff disputes the proposition. It must be conceded that if the court found from the evidence that the cars did not reach the intersection at approximate-

ly the same time, the question as to which had the right of way is not involved. There was substantial evidence introduced from which the court, sitting as a jury, properly could find, as a matter of fact, that plaintiff's car reached the intersection first.

It was held in Suddarth v. Robertson, 118 Mo. 286, 293, as follows: "In these actions at law, tried by the court without a jury, where the evidence is conflicting, the court should give and refuse instructions the same as when trying the case before a jury. The instructions being given, the finding may be general for the plaintiff or defendant. This court is then able to see on what theory of law the court proceeded, and we are at the same time able to see how the court found the facts. This course, or that pointed out by section 2135, Revised Statutes 1889, should be pursued." [See, also, Dobyns v. Beneficiary Association, 144 Mo. 95.]

We think the court should have given this declaration. The judgment is reversed and the cause remanded for a new trial. *Bland, J.,* concurs; *Trimble, P. J.,* absent.

*Corpus Juris-Cyc References: Infants, 31CJ, p. 1109, n. 27.