ARMOUR & CO. v. RUSSELL.

(Circuit Court of Appeals, Eighth Circuit. March 21, 1906.)

No. 2,297.

1. MASTER AND SERVANT—SAFE PLACE AND MACHINERY—REASONABLE CARE—LIMIT OF DUTY REGARDING.

The limit of the master's duty to his servant regarding places and appliances is to exercise ordinary care, having regard to the hazards of the service, to provide the servant with reasonably safe working places, machinery, tools, and appliances, and to exercise ordinary care to maintain them in a reasonably safe condition of repair. It is not his duty to provide reasonably safe working places, machinery, tools, or appliances, or to keep them in a reasonably safe condition of repair.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 171–177.]

2. APPEAL—PRACTICE—ERROR IMPLIES PREJUDICE.

The legal presumption is that error produces prejudice. It is only when the fact appears so clearly as to be beyond doubt that the error challenged did not prejudice, and could not have prejudiced, the complaining party, that the rule that error without prejudice is no ground for reversal is applicable.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4029–4033.]

3. SAME—CHARGE OF COURT—CONTRADICTORY RULES IN. FATAL.

The vice of a wrong rule in a charge is not extracted by the fact that the right rule is also given, because it is impossible to tell by which rule the jury was governed.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 718.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Northern District of Iowa.

Thomas F. Bevington (Alfred R. Urion, on the brief), for plaintiff in error.

Thomas G. Henderson (Frank L. Ferris and Arnold L. Fribourg, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. This was an action by a servant against his master for damages for negligence in the construction and maintenance of elevators and of the shaft in which they operated. At the close of the evidence counsel for the defendant requested the court to instruct the jury that all that was required of the master was that it should have exercised ordinary care to provide reasonably safe and suitable elevators and appliances for the use of its servant. The court denied this request, and charged the jury that it was the duty of the defendant to furnish the plaintiff a reasonably safe place in which to work, reasonably safe tools, implements, or appliances with which to do his work, and to keep them in a reasonably safe condition of repair during the service.

But actionable negligence is nothing but a breach of the duty to exercise reasonable care. It is not a breach of a guaranty of the character of place or of appliances. If a duty to provide a reasonably safe place or reasonably safe appliances were imposed upon the master, he would become in effect a guarantor of their reasonable safety, because his failure in any respect to make and keep them reasonably safe would be a breach of that duty and would cast him in damages, however great were his watchfulness and diligence. This is not the legal measure of the master's duty or liability. The limit of his duty is to exercise ordinary care, having regard to the hazards of the service, to provide the servant with reasonably safe working places, machinery, tools, and appliances, and to exercise ordinary care to maintain them in a reasonably safe condition of repair. Washington & R. Co. v. McDade, 135 U. S. 554, 569, 10 Sup. Ct. 1044, 34 L. Ed. 235; Texas & Pac. R. Co. v. Barrett, 166 U. S. 617, 619, 620, 17 Sup. Ct. 707, 41 L. Ed. 1136; Choctaw, Oklahoma & Gulf R. Co. v. Halloway, 52 C. C. A. 260, 114 Fed. 458, 460; American Bridge Co. v. Seeds (C. C. A.; decided at the December, 1905, term), 144 Fed. 605; St. Louis, Iron Mountain & Southern R. C. v. Needham, 69 Fed. 823, 825, 16 C. C. A. 457, 459; Lesser Cotton Co. v. St. Louis, Iron Mountain & Southern R. Co., 52 C. C. A. 95, 103, 114 Fed. 133, 141; Gowen v. Harley, 56 Fed. 973, 980, 6 C. C. A. 190, 197; Florence & C. C. R. Co. v. Whipps (C. C. A.) 138 Fed. 13, 17; Southern Pac. Co. v. Gloyd (C. C. A.) 138 Fed. 388, 390.

It is true that in some parts of the charge the court stated the true rule upon this subject to the jury. The presumption, however, is that error produces prejudice. It is only when the fact so clearly appears as to be beyond doubt that an error challenged did not prejudice, and could not have prejudiced the complaining party, that the rule that error without prejudice is no ground for reversal is applicable. Deery v. Cray, 5 Wall. 795, 807, 808, 18 L. Ed. 653; Smith v. Shoemaker, 17 Wall. 630, 639, 21 L. Ed. 717; Moores v.

Bank, 104 U. S. 625, 630, 26 L. Ed. 870; Gilmer v. Higley, 110 U. S. 47, 50, 3 Sup. Ct. 471, 28 L. Ed. 62; Railroad Co. v. O'Brien, 119 U. S. 99, 103, 7 Sup. Ct. 172, 30 L. Ed. 299; Mexia v. Oliver, 148 U. S. 664, 673, 13 Sup. Ct. 754, 37 L. Ed. 602; Railroad Co. v. O'Reilly, 158 U. S. 334, 337, 15 Sup Ct. 830, 39 L. Ed. 1006; Peck v. Heurich, 167 U. S. 624, 629, 17 Sup. Ct. 927, 42 L. Ed. 302; Railroad Co. v. McClurg, 8 C. C. A. 322, 325, 326, 59 Fed. 860, 863; Association v. Shryock, 20 C. C. A. 3, 11, 73 Fed. 774, 781; Railroad Co. v. Holloway, 52 C. C. A. 260, 114 Fed. 458.

And the vice of a wrong rule in a charge of the court is not extracted by the fact that the right rule was also given therein, because it is impossible to tell by which rule the jury was governed. Railway Co. v. Needham, 3 C. C. A. 129, 147, 52 Fed. 371, 377; Railroad Co. v. Farr, 6 C. C. A. 211, 216, 217, 56 Fed. 994, 1000.

Other questions were presented by the writ of error in this case, but it is unnecessary to consider them now, because they will probably be conditioned by other facts at the second trial, and will be ruled by the court below in the light of later decisions.

The judgment below is reversed, and the case is remanded to the court below with instructions to grant a new trial.