MUTUAL RESERVE LIFE INS. CO. v. HEIDEL.*

(Circuit Court of Appeals, Eighth Circuit. March 2, 1908.)

No. 2,697.

1. INSURANCE—PREMIUM—DELIVERY OF POLICY ACKNOWLEDGMENT OF PAYMENT OF FIRST PREMIUM.

The delivery of an insurance policy which recites that the company agrees to pay the indemnity in consideration of the first annual premium of $145.45 to be actually paid in cash on or before its delivery, and that the contract shall not take effect until the delivery of the policy and the payment of the first premium, is an acknowledgment of the payment of the premium, and the delivered policy is competent evidence of that fact.

2. SAME—ACKNOWLEDGMENT ESTOPS FROM AVOIDING CONTRACT FOR NONPAYMENT, BUT IS REBUTTABLE EVIDENCE OF PAYMENT ON OTHER ISSUES.

An acknowledgment of the payment of the first premium conclusively estops the company from avoiding the policy for the failure of the insured to pay the first premium when due. But it does not estop it from proving by written contract made before or at the time the policy was delivered that an extension of time for the payment of a part or of all of the first premium to specific dates was given and an agreement made that, if the deferred payments were not then made, the insurance should cease, and the policy be forfeited.

3. SAME—EXTENSION OF TIME OF PAYMENT OF FIRST PREMIUM WAIVES FORFEITURE FOR NONPAYMENT IN ABSENCE OF EXPRESS CONTRACT TO CONTRARY.

An extension of the time of payment of the first premium without a written agreement at or before the delivery of the policy, or a subsequent contract for a valuable consideration, that the insured shall make the deferred payments at specific times and that if he fails to do so the insurance shall cease, or the policy be forfeited, waives all forfeiture for nonpayment of every part of that premium.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 914.]

4. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—TRIAL—REJECTION OF ADMISSIBLE EVIDENCE FATAL, THOUGH RECORD SHOWS IT FUTILE IF RECEIVED.

The fact that it appears from the record of a trial wherein evidence was erroneously rejected that such evidence would have been futile does not show that its rejection was not prejudicial, because the proposer might have introduced other evidence or have otherwise changed his course at the trial if his rejected evidence had been received, and the court had ruled accordingly.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4189–4193.]

5. TRIAL—RIGHT RULINGS ESSENTIAL TO LAWFUL TRIAL—ERROR PRESUMPTIVELY PREJUDICIAL—NEW TRIAL ONLY REMEDY.

Right rulings at the trial are essential to a trial according to the course of the common law. Errors are presumed to be prejudicial. It is only when it appears beyond doubt that they are not so that they may be disregarded. The only remedy for prejudicial error in a trial at law in a national court is a new trial. The appellate court cannot re-examine the facts and render the judgment it deems right.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

*Rehearing denied June 19, 1908.

J. Lionberger Davis (Jones, Jones, Hocker & Davis and S. T. Tyng, on the brief), for plaintiff in error. .

Clark Varnum (W. H. Cocke and W. Hall Trigg, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. On June 10, 1901, Gustave Heidel surrendered to the defendant a policy of life insurance for $5,000 which had been issued to him in 1882, and the defendant delivered to him a new policy, whereby it promised to pay, subject to certain conditions and stipulations, to Nettie Heidel, on his death, $5,000. Heidel died on April 29, 1902. Nettie Heidel brought this action on the policy. The defense was that Heidel had failed to pay an alleged bimonthly premium which was due on August 1, 1901, and that the policy had been abandoned by mutual consent. At the trial the parties agreed that Heidel paid all his premiums under the original policy, that he made an application for that policy and another application for the second policy, and the defendant admitted in its answer that it issued the second policy "whereby, in consideration of premiums then and thereafter to be paid, it insured the life of said Heidel, and promised and agreed, subject to the terms of an application therefor and the terms of the constitution and by-laws of said association, to pay, upon the death of said Heidel, to plaintiff, his wife, if living at the time of said death, the sum of $5,000." The policy contained these provisions:

"[The company] in consideration of the application originally made to this association, which is hereby made a part of this contract, and of the surrender of policy or certificate No. 7469 and of the first premium of $145.45, to be actually paid in cash on or before the delivery hereof hereby continues Gustave Heidel of St. Louis county of state of Missouri, hereinafter called the insured, as a member of said association, and upon the condition of the payment in advance of the same amount on the first day of the month of June in every year during the continuance of this policy, there shall be payable to Nettie Heidel of St. Louis county, of state of Missouri, if living at the time of death of said insured, otherwise to the executors or administrators of said insured the sum of $5,000.00. * * * This contract shall not take effect until this policy is delivered to the insured in person and the first premium is paid in cash hereon during his lifetime and while policy or certificate No. 7469 is in full force, which policy or certificate shall be rendered null and void by the act of placing this policy in force."

The defendant offered evidence which it claimed tended to show that after the policy was issued "Heidel paid the first bimonthly premium of $17.45 and the interest on the lien $7.66 on July 1, 1901, and that the subsequent bimonthly premiums for the same amount during the remainder of the year 1901 were not paid by Heidel." The court below sustained objections to this evidence, on the ground that proof that Heidel paid a part of the first annual premium, $145.45, and owed the remainder, was not admissible because by the delivery of the policy the defendant estopped itself from denying the payment of the entire premium for the year in question.

The provisions of the policy that in consideration of the surrender of the original policy, and "of the first premium of $145.45 to be ac-

tually paid on or before the delivery hereof," the defendant will pay the $5,000, that "this contract shall not take effect until the policy is delivered to the insured in person and the first premium paid in cash hereon during his lifetime," and the delivery of the policy, constituted an acknowledgment by the company that the first annual premium had been paid, and the delivered policy was competent and persuasive evidence of that fact. Massachusetts Ben. Life Ass'n v. Sibley, 158 Ill. 411, 42 N. E. 137; Germania Fire Ins. Co. v. Muller, 110 Ill. App. 190, 193. The delivery of the policy and this acknowledgment conclusively estopped the company from denying that the contract of insurance was in existence and that it was effective from the time of the delivery of the policy until it was forfeited for some other reason than the failure to pay the first annual premium when it became due. Roberts v. Security Company, Ltd., Q. B. Division, Law Reports, 1897, p. 111, 115; Basch v. Humboldt Mutual, etc., Co., 35 N. J. Law, 429, 431; Dobyns v. Bay State Ben. Ass'n, 144 Mo. 95, 109, 110, 45 S. W. 1107.

But they did not estop this company from proving by a written contract made before or at the time the policy was delivered that an extension of time for the payment of a part or of all of this first premium to specific dates was given, and an agreement made that, if the deferred payments were not then made, the policy should cease, and the failure to make such deferred payments at the times specified by such an agreement would be fatal to the continuance of the policy. Thompson v. Insurance Co., 104 U. S. 252, 26 L. Ed. 765; Pitt v. Berkshire Life Ins. Co., 100 Mass. 500; Life Ins. Co. v. Pendleton, 112 U. S. 696, 707, 5 Sup. Ct. 314, 28 L. Ed. 866; Mooney v. Insurance Co., 80 Mo. App. 192, 195; Leeper v. Insurance Co., 93 Mo. App. 602, 67 S. W. 941; Teutonia Life Ins. Co. v. Mueller, 77 Ill. 22, 24; Snyder v. Nederland Life Ins. Co., 202 Pa. 161, 51 Atl. 744; Duncan v. Missouri Life Ins Co. (filed March 27, 1908, C. C. A.) 160 Fed. 646.

Competent evidence that this annual premium was not paid by Heidel when the policy was delivered, and that a portion had never been paid, was therefore admissible, though in itself insufficient evidence to sustain the defense. If supplemented by a written contract made before or at the time of the delivery of the policy that this premium should be subsequently paid at definite times, and that, if not then paid, the insurance should thereupon cease, and by proof that it was not paid at such times, it might have proved sufficient to prevent a recovery by the plaintiff. The written agreement evidenced by the policy, it is true, is that the premiums shall be paid annually, and evidence of a parol contract made before or at the time of the delivery of the policy that they were to be paid bimonthly is incompetent, because it contradicts the terms of the written contract. Thompson v. Insurance Co., 104 U. S. 252, 259, 26 L. Ed. 765; Chamberlain v. Wright (Tex. Civ. App.) 35 S. W. 707; 17 Cyc. 659. An extension of the time of payment of the first premium without a written agreement at or before the delivery of the policy, or a subsequent contract, for a valuable consideration after its delivery, that the insured shall make the deferred payments at specific times, and

that, if he fails to do so, the insurance shall cease or the policy be forfeited, waives all forfeiture for nonpayment of every part of that premium. Thompson v. Insurance Co., 104 U. S. 252, 257, 26 L. Ed. 765; Insurance Co. v. French, 30 Ohio St. 240, 27 Am. Rep. 443; Dobyns v. Bay State Ben. Ass'n, 144 Mo. 95, 108, 109, 110, 111, 45 S. W. 1107; Perry v. Bankers' Life Ins. Co., 47 App. Div. (N. Y.) 567, 570, 62 N. Y. Supp. 553; Lawrence v. Penn, etc., Ins. Co., 113 La. 87, 36 South. 898, 899; Farnum v. Insurance Co., 83 Cal. 246, 23 Pac. 869, 872, 17 Am. St. Rep. 233; McAllister v. New England, etc., Ins. Co., 101 Mass. 558, 561, 3 Am. Rep. 404; Northwestern Life Assur. Co. v. Schulz, 94 Ill. App. 156, 161, 163. After the court had rejected the evidence that the premium was not paid, the defendant obtained permission to introduce that and other evidence, to the effect that notice that an alleged bimonthly premium had become due August 1, 1901, that, if not paid, the policy would lapse and the insurance would be forfeited, was given to Heidel in July, 1901; and that in September, 1901, notice of his failure to pay this premium and of the alleged forfeiture of his insurance was given to him, but this evidence was all introduced under the ruling which has been considered and under the further statement by the court that it should, at the close of the trial reject all the evidence for the defendant, and it did so and directed a verdict for the plaintiff. Counsel for the plaintiff contend that, in the light of the rules of law which have been stated, there was no substantial evidence offered to sustain a verdict for the defendant, and hence that the rulings rejecting its evidence, even if some or all of them were erroneous, were not prejudicial. But conceding, without deciding, that all the evidence offered by the defendant was insufficient under the law to sustain a verdict in its favor, this court is forbidden to examine this question of fact and to render such judgment as it deems right. The defendant was entitled under the seventh amendment to the Constitution, which reads that, "In suits at common law where the value in controversy shall exceed $20.00 the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law," to a trial of its cause according to the course of the common law. A trial according to the course of the common law is a trial before a jury under right rulings made by the trial judge in the presence of the jury, and the only remedy for prejudicial errors in such a trial in a national court is a new trial. Parsons v. Bedford, 3 Pet. 433, 446, 448, 7 L. Ed. 732; Barreda v. Silsbee, 21 How. 146, 166, 16 L. Ed. 86; Justices v. Murray, 9 Wall. 274, 277, 19 L. Ed. 658; Miller v. Life Ins. Co., 12 Wall. 285, 300, 20 L. Ed. 398; Insurance Co. v. Comstock, 16 Wall. 258, 269, 21 L. Ed. 493; Insurance Co. v. Folsom, 18 Wall. 237, 249, 21 L. Ed. 827; Railroad Co. v. Fraloff, 100 U. S. 24, 31, 25 L. Ed. 531; Lincoln v. Power, 151 U. S. 436, 438, 14 Sup. Ct. 387, 38 L. Ed. 224; Chicago, Burlington & Quincy R. Co. v. Chicago, 166 U. S. 226, 246, 17 Sup. Ct. 581, 41 L. Ed. 979; Capital Traction Co. v. Hof, 174 U. S. 1, 9, 19 Sup. Ct. 580, 43 L. Ed. 873.

The legal presumption is that error produces prejudice. It is only when the fact so clearly appears as to be beyond doubt that an error challenged did not prejudice and could not have prejudiced the complaining party that the rule that error without prejudice is no ground for reversal can have effect. Deery v. Cray, 5 Wall. 795, 807, 808, 18 L. Ed. 653; Peck v. Heurich, 167 U. S. 624, 629, 17 Sup. Ct. 927, 42 L. Ed. 302; Smith v. Shoemaker, 17 Wall. 630, 639, 21 L. Ed. 717; Moores v. Bank, 104 U. S. 625, 630, 26 L. Ed. 870; Gilmer v. Higley, 110 U. S. 47, 50, 3 Sup. Ct. 471, 28 L. Ed. 62; Railroad Co. v. O'Brien, 119 U. S. 99, 103, 7 Sup. Ct. 118, 30 L. Ed. 299; Mexia v. Oliver, 148 U. S. 664, 673, 13 Sup. Ct. 754, 37 L. Ed. 602; Railroad Co. v. O'Reilly, 158 U. S. 334, 337, 15 Sup. Ct. 830, 39 L. Ed. 1006; Railroad Co. v. McClurg, 8 C. C. A. 322, 325, 326, 59 Fed. 860, 863; Association v. Shryock, 20 C. C. A. 3, 11, 73 Fed. 774, 781; Railroad Co. v. Holloway, 52 C. C. A. 260, 114 Fed. 458; Armour & Co. v. Russell, 75 C. C. A. 416, 144 Fed. 614, 615, 6 L. R. A. (N. S.) 602. It does not appear beyond doubt that the defendant was not prejudiced by the first ruling which has been discussed. If the court had admitted the evidence rejected, the defendant might have proved a written agreement made at or before the policy was delivered that the $145.45, which constituted the first annual premium, should be paid at subsequent fixed times, that a failure to pay it at those times should forfeit the insurance and that the insured failed to pay it at the times specified. It might have established the fact that an agreement subsequent to the delivery of the policy for a valuable consideration to the same effect was made and with the same result. Again, if that evidence had been received, either the court or the jury would have decided whether or not that and all the other admissible evidence presented at the trial was sufficient to sustain the defense, a question which has never yet been considered by either court or jury. The fact that it appears upon the record of a trial, wherein evidence is erroneously rejected, that the rejected evidence would have been futile if received, does not show that its rejection was not prejudicial, because the proposer might have introduced other evidence or have otherwise changed his course at the trial if the ruling of the court had been right and his rejected evidence had been received. Deery v. Cray, 72 U. S. 795, 806, 807, 18 L. Ed. 653; Peck v. Heurich, 167 U. S. 624, 629, 17 Sup. Ct. 927, 42 L. Ed. 302. There is therefore no escape under the law from a reversal of the judgment below.

It is accordingly reversed, and the case is remanded to the Circuit Court, with directions to grant a new trial.