## SIMMONS MFG. CO. v. ESKRIDGE.

(Circuit Court of Appeals, Seventh Circuit. January 19, 1909.)

No. 1,514.

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—ELEVATORS—NEGLIGENCE—QUESTION FOR JURY.

Where the only safety appliance provided for an elevator, by the fall of which plaintiff was injured, was a "cable safety," which served only for protection when the cable broke or tangled, and another device called a "speed governor" was well known, effective, and frequently used in elevators to provide against falls from breakage of machinery or other causes, and its efficiency was well recognized, whether defendant was negligent in failing to provide such appliance was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1012–1014; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 102*)—INJURIES TO SERVANT—SAFETY APPLIANCES—DUTY OF MASTER.

A master's duty to exercise ordinary care for the safety of his servants extends to provisions for reasonably safe working places, machinery, and appliances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 173; Dec. Dig. § 102.*]

3. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—PROXIMATE OR CONTRIBUTING CAUSE.

Where a servant was injured by the fall of an elevator, whether the fact that he retained hold of the brake rope unnecessarily, and was thus suspended above the car when it struck bottom and broke or released the rope, was the proximate or a contributing cause of the injury, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

4. WITNESSES (§ 268*)—CROSS-EXAMINATION—SCOPE.

Where, in an action for injuries to a servant by the fall of an elevator, an inspector for an insurance company testified on defendant's behalf as an expert with reference to the operation and the extent of the use of certain safety appliances in his territory, the court properly permitted plaintiff to ask him on cross-examination whether the insurance company was interested in the case, and permit his answer to stand, that he supposed it was to a certain extent, but that he knew nothing about the company's business outside of his own part, as legitimate cross-examination.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 268.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.
> It is not error to refuse requests to charge which, so far as correct, are embodied in instructions given.
>
> [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

The Simmons Manufacturing Company, plaintiff in error, was defendant below in the suit of John R. Eskridge, defendant in error, to recover for injuries suffered in the operation of a freight elevator in such defendant's factory, and this writ of error is brought for review of a judgment, rendered upon verdict of a jury, in favor of the plaintiff below, awarding $2,250 as damages. The parties are referred to as plaintiff and defendant respectively, as designated in the suit below; and the following facts are undisputed:

The plaintiff was in the employ of the defendant, and was so engaged in taking up a load of brass material, when the worm shaft broke and the elevator dropped from the fourth to the ground floor, thus causing the personal injuries for which damages were awarded. This elevator car was open at the top and operated by means of a cable, passing around a drum at the top of the shaft, together with belt power, stopped and started by means of a brake. Its only safety device was one known as the "cable safety"—protecting only against breaking or slacking of the cable—although another safety appliance was well known, called a "speed governor," which protected as well against other mishaps causing the car to fall. When the car dropped, the plaintiff had hold of the brake rope to stop it, and retained such hold during the fall, thus dropping to the car floor through the fall of the brake rope when the car struck the bottom of the shaft. The plaintiff was not acquainted with the construction of the elevator, aside from his experience in its operation for two weeks; and negligence was charged against the defendant in the complaint (1) for use of worn and defective machinery, (2) failure to equip with known and usual safety appliances, and (3) failure both of inspection and to furnish plaintiff "a reasonably safe place to work."

At the close of the evidence, counsel for the·defendant moved for direction of a verdict in its favor, and the trial court sustained such motion, in so far as defects in the machinery operating the elevator were charged in the complaint. The motion was overruled, however, in respect of the charge for failure to equip the elevator with reasonable safety appliances, and that issue was submitted to the jury, together with the issues of proximate cause and contributory negligence, under instructions accordingly, which are referred to in the opinion.

The errors assigned for review are 51 in number, but they are grouped in the opinion, with special mention of such assignments as seem to require specific discussion.

Charles A. Vilas, for plaintiff in error.
Calvin Stewart and Wallace Ingalls, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The judgment against the defendant below rests upon the verdict of a jury, under instructions by the court which clearly limited and defined the issues of fact to be considered therein, and, in reference to such narrowing of the issues and the moderate amount assessed for recovery, it is plain that the defendant has no cause for complaint. While the errors assigned, upon which reversal is sought, are numerous, the main contention for reversible error in the argument is predicated upon denial of the defendant's motion for direction of a verdict

in its favor. The various complaints of error in the instructions to the jury, either given or denied, are involved, as well, in some measure in the consideration of that motion; and we believe that all of the assignments, aside from the alleged insufficiency of evidence to authorize submission to the jury, may rightly be embraced, in general terms, under two classifications respectively, as exceptions to rulings (a) upon testimony received or offered, and (b) upon instructions given or refused.

1. Was an issue of fact presented by the testimony for submission to the jury? The plaintiff was injured in the service of the defendant corporation while operating a freight elevator in the defendant's factory, through the fall of the car caused by a breakage of the machinery, without fault on the part of the plaintiff in such operation. His complaint in the suit alleged (in effect) twofold negligence on the part of the defendant as the cause of such injury: (1) That the breakage was due to defective machinery which should have been discovered and replaced; and (2) that it failed to provide a safety appliance, which was well known and commonly used for such elevators, to prevent fall of the car under like conditions. On motion of the defendant, the trial court excluded the first-mentioned charge of negligence and the testimony thereunder from consideration by the jury, but overruled such motion in reference to the other alleged breach of duty. The case was then submitted to the jury, with instructions which are not open to question, for plain limitation of the issue of negligence on the part of the defendant accordingly, namely, that they were to ascertain from the testimony whether the duty of the defendant to exercise ordinary care for the safety of its servants (as defined in the instructions) was violated by the failure to provide another safety appliance for the elevator, described in the testimony as a "speed governor," or its equivalent.

The contention that the court erred in overruling the motion on the branch of the case thus submitted to the jury is pressed under these propositions, in substance: (a) That the evidence was insufficient to raise such issue of negligence; and (b) that the safety device used by the defendant "was conclusively shown to be in general use, as much as, or more than, the device which the plaintiff claimed should have been used." On reference to the testimony, however, we are satisfied that neither of these premises of fact is tenable. It was undisputed that the only safety appliance provided by the defendant was one known as the "cable safety," serving alone for protection when the cable breaks or tangles, and that another device, called a "speed governor," was well known, effective, and frequently used in elevators serving four or more floors in a factory, which provided as well against fall of the elevator from breakage of machinery or other causes. The testimony clearly tends to establish that the efficiency and superiority of the "speed governor" is well recognized for such purposes, and the only substantial dispute appears upon the inquiry of general use in like factories of four and five stories. While the testimony is conflicting as to the generality of such use, ample support appears, as we believe, for submission of that question to the jury and for their finding thereupon.

The doctrine is well settled that it is the duty of the master to exercise ordinary care for the safety of his servants, to be measured by the known hazards of the service, and that such care extends to provision for reasonably safe working places, machinery, and appliances for use of the servants. Armour & Co. v. Russell, 144 Fed. 614, 615, 75 C. C. A. 416, 6 L. R. A. (N. S.) 602, and authorities cited. While the master incurs no obligation as insurer, either against the risks of such service, or that the means so provided are sufficient for protection, he does assume, in the employment of servants, the obligation to exercise care to that end, as above stated. Thus the issue was distinctly presented by the testimony referred to, whether the defendant exercised ordinary care, under conditions which were known, in providing the "cable safety" alone for protection against accidents —plainly an issue of fact for determination by the jury, under instructions upon the limits of duty above mentioned.

In the oral argument, we understood counsel for the defendant to urge, as another proposition for support of the motion to direct a verdict in its favor, that this fact was undisputed: That the plaintiff retained hold of the brake rope unnecessarily, and was thus suspended above the car when it struck bottom and broke or released the rope, so that plaintiff's injuries are attributed to the fall thus occasioned, either as the proximate cause, or as a contributory cause, for which recovery is unauthorized. The inferences of fact, however, from that and other circumstances in evidence, were for the jury to ascertain, and were rightly submitted, as we believe, under the instructions.

2. On examination of the record referred to in each of the assignments of error for rulings in admitting or rejecting testimony, we are of opinion that each must be overruled, and that the only one which raises a question of sufficient merit or interest, either to require or justify special reference and discussion, is assignment No. 23. In that instance a witness (Chapman) on behalf of the defendant testified (in part as an expert) in reference to the operation and extent of use of the "cable safety" and "speed governor" appliances in his Wisconsin territory, as inspector for the Travelers' Insurance Company. On cross-examination on the part of the plaintiff, he was asked "whether the Travelers' Insurance Company is interested in this case or not"? The defendant's objection, as immaterial, was overruled, and the witness answered, "Why, to a certain extent I suppose they are," with the remark that he did not know, as he knew nothing about their business outside of his own part. Motion to strike out this answer was also denied. We may well assume (as counsel contends) that evidence on the part of a plaintiff in such actions is inadmissible for the purpose of establishing the fact that the defendant is insured against the risk in suit; but such rule is nevertheless without force, as we believe, to exclude the above-stated inquiry and answer, upon cross-examination of this witness, who had so testified in reference to the controverted facts in issue. Its tendency to show that his testimony may not be that of an impartial witness is obvious, and thus may affect its credibility, within the legitimate object of cross-examination.

3. The instructions which the trial court gave to the jury are preserved in the bill of exceptions, and their careful examination con-

vinces us that error is not well assigned thereupon. Their limitation of the issues, in conformity with the previous ruling above mentioned under the defendant's motion, appears in clear terms; and the rules applicable for determination of the issues are well defined, leaving no just ground for complaint, either of indefiniteness or misdirection.

On behalf of the defendant, numerous propositions were tendered for instructions to the jury, of which some were incorporated in terms in the instructions, and those not so adopted in the terms of the request were noted as denied, with allowance of an exception. Error is assigned upon each of the propositions thus denied. We are of opinion, however, that the essence of all thereof, in so far as the request stated correctly a proposition of law directly involved for consideration in the case, was embraced in the instructions which were given, and that no reversible error appears thereunder.

The assignments of error respectively for review of the judgment are therefore overruled, and the judgment is affirmed.