FARMER v. ATLANTIC COAST LINE R. CO.

(District Court, E. D. South Carolina. May 9, 1913.)

1. COURTS (§ 356*)—FEDERAL COURTS—STATE PROCEDURE—APPLICATION.

The Conformity Act of 1872 (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]) is applicable only to causes in the Circuit and District Courts, and not to causes in the federal appellate courts, the practice in which is governed by the constitutional, statutory, and common-law provisions ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plicable to writs of error in actions at law in the appellate courts of the United States and by the rules of such courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356;* Appeal and Error, Cent. Dig. § 3397.]

**2.** COURTS (§ 406*)—CIRCUIT COURT OF APPEALS—MANDATE—EFFECT.

Under Circuit Court of Appeals rule No. 32, declaring that in all cases finally determined a mandate shall be issued to the trial court to inform it of the proceedings in the Circuit Court of Appeals, so that further proceedings may be had in the trial court as to law and justice may appertain, the mandate is controlling on the trial court as to the further proceedings in the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. § 406.*]

**3.** COURTS (§ 406*)—REVERSAL—DISPOSITION OF CAUSE.

Under the Constitution of the United States, the federal appellate courts, on writs of error to judgments in actions at law, can only correct the error complained of by directing a new trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. § 406.*]

**4.** COURTS (§ 406*)—REVERSAL—DISPOSITION OF CAUSE—NEW TRIAL.

Where, in an action for injuries, a judgment for plaintiff was reversed by the Circuit Court of Appeals, on the ground that the court should have granted defendant's motion for nonsuit on the ground that the evidence showed defendant was not negligent as a matter of law, and remanded the case for a new trial, it was the duty of the trial court to grant a new trial in all respects as though the first trial had not been had, and hence plaintiff might be granted leave to amend his complaint, so as to allege material matter not inconsistent with the conclusions adjudged by the Circuit Court of Appeals on the writ of error to the judgment on the first trial, which constituted the law of the case so far as applicable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. § 406.*]

**5.** APPEAL AND ERROR (§ 1201*)—REVERSAL—PROCEEDINGS AFTER REMAND—AMENDMENT.

Where a judgment is reversed and the cause remanded for a new trial, an application by plaintiff for an amendment of the complaint is addressed to the discretion of the court, to be determined on proper hearing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4673, 4677–4683; Dec. Dig. § 1201.*]

At Law. Action by C. L. Farmer against the Atlantic Coast Line Railroad Company. On motion to amend the complaint. Objections overruled, and case continued for further proof.

See, also, 176 Fed. 692, 100 C. C. A. 244.

J. W. Ragsdale, of Florence, S. C., for plaintiff.
Willcox & Willcox, of Florence, S. C., for defendant.

SMITH, District Judge. This matter came on to be heard upon a motion on behalf of the plaintiff to be allowed to amend the complaint herein in certain particulars.

This action was originally begun on the 1st day of April, 1907, by the plaintiff, to recover from the defendant the sum of $10,000 damages alleged to have been sustained by him as the result of certain in- ·

juries suffered while in the employ of the railroad company. The complaint alleged that on August 2, 1906, while employed by the railroad company, the plaintiff was directed by J. J. Brown, the railroad company's foreman in charge of the work, to chain together two cars; that while so engaged the defendant, its agents and servants, negligently, willfully, and wantonly, without giving any warning to the plaintiff, caused its said engine to suddenly strike and move said cars together, thereby catching the plaintiff between the said cars, giving to him thereby grievous bodily injuries, etc. The railroad company filed an answer, setting up a general denial, and also alleging that the injuries to the plaintiff were received by him as the result of his own contributory negligence. The cause came on for trial in the Circuit Court of the United States for this district on the 5th of March, 1908, and upon the trial a verdict was rendered by the jury in favor of the plaintiff for $5,000, upon which a judgment was afterwards entered up. From this judgment a writ of error was sued out by the defendant, the railroad company, to the Circuit Court of Appeals for the Fourth Circuit, and upon the hearing in that court that court made its judgment reversing the judgment below. 176 Fed. 692, 100 C. C. A. 244. The mandate from the Circuit Court of Appeals to the Circuit Court of the United States for the District of South Carolina was filed in the latter court on the 2d of December, 1909. The mandate orders and directs as follows:

"It is now here ordered and adjudged by this court that the judgment of the said Circuit Court in this cause be and the same is hereby reversed, with costs, and the cause is remanded to the Circuit Court of the United States for the District of South Carolina, at Florence, with directions to set aside the verdict and grant a new trial in accordance with the opinion of this court.

"November 8, 1909.                                    Nathan Goff."

In the opinion filed by the Circuit Court of Appeals it was held that the trial judge in the Circuit Court erred in not directing a verdict in favor of the defendant, on the ground that the only reasonable conclusion to be drawn from the testimony was that the plaintiff's injuries resulted from the negligence of his fellow servant, the engineer. In its opinion the Circuit Court of Appeals concurs with what it construes to be the opinion of the trial judge below, that the engineer was the fellow servant of the plaintiff. It finds, however, that the trial judge erred because it was left to the jury to say whether Brown, the foreman, was negligent in permitting the engineer to move back after Brown's directing the plaintiff to go between the cars. The court held that it appeared from the testimony in the cause that the injury inflicted upon the plaintiff was the result of the engineer moving the cars back when the plaintiff was between them; that Brown, the foreman, had directed the plaintiff to go between the cars and do the work in question, but that the foreman, having seen the engineer signaled to remain where he was, and observing there was ample space for the plaintiff to go between the cars at the time, was not shown to have been guilty of negligence, but that it appeared that the injury was due to the fact that the engineer moved the cars back improperly, and it was therefore due to the negligence of the engineer, who was a fellow

servant of the plaintiff, and that the plaintiff was not, entitled to re-cover. The end of the opinion is in the following words:

"For the reasons herein stated, the judgment of the court below is re-versed, and the cause remanded, with instructions to proceed in accordance with the views herein announced."

Upon the motion for leave to amend, the defendant objected upon the following grounds: (1) That the reversal of the cause by the Cir-cuit Court of Appeals put an end to the case. (2) The motion comes too late.

The position that the reversal of the cause by the Circuit Court of Appeals put an end to the case is rested upon the practice in the state courts of South Carolina, and rests upon the principles decided by the Supreme Court of South Carolina in Crosby v. Railroad, 83 S. C. 575, 65 S. E. 827. That case is based upon the effect of rule 27 of the Rules of the Supreme Court of the State of South Carolina (56 S. E. v), which provides that whenever an appeal to the Supreme Court is sustained on the ground that a nonsuit should have been granted, or a verdict directed because of a total failure of evidence, or because the evidence could admit of but one inference, the reversal of the judg-ment should have the same effect as if the nonsuit had been ordered or a verdict returned under the direction of the circuit judge.

[1] The contention of the defendant is based upon the assumption that if this case had been a case in the state court of South Carolina, and an appeal had been taken from the refusal of the trial judge to direct a verdict (as in this case a writ of error was taken to the judg-ment upon that ground), and the Supreme Court of South Carolina had reversed the judgment below, that would have been an end to the case, inasmuch as under the rule of practice in that court the reversal of the judgment is to have the same effect as if a verdict had been returned under the direction of the circuit judge. This argument, however, would only apply here if the rule of practice upon such writs of error in the federal courts is the same as the rule of prac-tice upon appeals in such cases in the state court. The Conformity Act of 1872 of the United States has no application, for according to the terms of that act as set out in section 914 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 684) its provisions are ap-plicable only to causes in the Circuit and District Courts, and not to causes in the appellate courts, of the United States. The practice in such cases in the federal courts is governed by the constitutional, stat-utory, and common-law provisions applicable to writs of error in ac-tions at law in appellate courts of the United States, and by the rules of those courts.

[2] The mandate from the Circuit Court of Appeals is that the verdict be set aside and a new trial granted. The contention of the defendant in opposition to granting any amendment is that the man-date is not controlling, but that this court is to look to the opinion of the Circuit Court of Appeals. The rule of the federal courts, how-ever, is that the mandate is the order or instruction of the appellate court to the lower court. Rule 32 of the Circuit Court of Appeals for the Fourth Circuit, declares that in all cases finally determined in

that court a mandate shall be issued to the court below for the purpose of informing such court of the proceedings in the Circuit Court of Appeals, so that further proceedings may be had in such court below as to law and justice may appertain.

The rule is that the lower court must proceed according to the terms of the mandate. Sibbald v. U. S., 12 Pet. 488, 9 L. Ed. 1167; West v. Brashear, 14 Pet. 51, 10 L. Ed. 350; Gaines v. Rugg, 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432. From these decisions it would appear that what the lower court is to look to is the terms of the mandate. It is from the mandate that it obtains its information as to what it is directed to do, and in this case the mandate directs the court to set aside the verdict and grant a new trial.

[3] So, also, whatever may be the power of the Supreme Court of South Carolina in its control over appeals taken from judgments in actions at law, it is well settled that under the Constitution of the United States the federal appellate courts in cases of writs of error to judgments on actions at law can only correct the error complained of by directing a new trial. Mutual Reserve Life Ins. Co. v. Heidel, 161 Fed. 535, on page 538, 88 C. C. A. 477. This principle is very fully discussed by the Supreme Court in Capital Traction Co. v. Hof, 174 U. S. 1, 19 Sup. Ct. 580, 43 L. Ed. 873. There the Supreme Court expressly decides that under the seventh amendment to the Constitution of the United States, where a trial by jury has been had in an action at law in a court of the United States, the facts there tried and decided cannot be re-examined in any court of the United States otherwise than according to the rules of the common law of England, and that by those rules no other mode of re-examination is allowed than by way of new trial.

[4] The very point was decided by the Circuit Court of Appeals for the Eighth Circuit in Denver & R. G. R. Co. v. Arrighi, 141 Fed. 67, 72 C. C. A. 400. There an employé of the railway company brought an action against the railroad company for injury occurring whilst in the employ of the railroad company as a switchman in endeavoring to effect a coupling of two freight cars. The case was first tried at law, and on that trial the defendant, the railroad company, moved that a verdict should be directed in favor of the railroad company. This motion was refused by the trial judge, and a verdict was rendered in favor of the plaintiff. Upon appeal this verdict and the judgment thereon was set aside because of error in the trial judge in refusing to direct a verdict for the railroad company on account of the contributory negligence of the plaintiff, and a new trial was ordered. Denver & R. G. Co. v. Arrighi, 129 Fed. 347, 63 C. C. A. 649. That case is on all fours with the present, for if the finding of the appellate court to the effect that upon the testimony at the trial a verdict should have been directed in favor of the defendant, the railroad company, was conclusive upon any further action by the court below, that ended the case. None the less, however, the case went back for a new trial as ordered, and on that new trial the testimony was taken over again and the case was submitted to the jury, the court refusing to direct a verdict in favor of the defendant under the testimony, and

the jury again found a verdict for the plaintiff. From the judgment on that verdict a writ of error was taken to the Circuit Court of Appeals, and on the trial the Circuit Court of Appeals held that the judgment of the trial court must be affirmed; that the decision of the Circuit Court of Appeals on the first writ of error did not entitle the railroad company to a verdict in its favor; that the trial was rightly had over again, and on the new trial the court was limited to the testimony in the new trial, and if the testimony in the new trial was different in any material respect from the testimony in the first trial it might entitle the plaintiff to recover, although upon the testimony in the first trial the trial judge should have directed a verdict for the defendant.

In Connecticut Fire Ins. Co. v. Manning, 177 Fed. 893, 101 C. C. A. 107, the Circuit Court of Appeals of the Eighth Circuit decided that where in an action at law judgment was recovered for the plaintiffs, and the defendant had moved for an instructed verdict for the defendant, and upon writ of error the Circuit Court of Appeals held that the trial court erred in not directing a verdict for the defendants as asked, and remanded the case for new trial, that thereafter the court was right in overruling a motion by the defendant in the trial court for judgment under the decision of the Circuit Court of Appeals, and on the new trial could permit the plaintiff to take a voluntary nonsuit.

The rules of law applicable to the matter would appear to be as follows:

1. That the mandate is the proper means of information to the lower court from the appellate court of the judgment arrived at in the appellate court.

2. That in actions at law in the federal courts the only way of correcting erroneous rulings upon the trial of issues of fact before a jury is by directing a new trial.

3. That where a new trial is directed a new trial must be had, and the testimony taken in like manner as if there had been no preceding trial.

4. That the decision of the appellate court is the law of the case, and if the testimony at the second trial is substantially the same as that in the first trial, the second trial would be governed by the conclusions of the appellate court. If the testimony in the second trial is different in any material respects, then the law in the second trial is to be determined in its application to the facts as appearing in such trial.

5. That where a case is remanded to the lower court for a new trial, it is for a new trial upon the pleadings as they appear, irrespective of what testimony may have been put in or rulings made thereon by the trial court at the first trial. The second trial is to be upon its own merits as a new trial under the rules laid down by the appellate court upon the issues existing in the pleadings and the testimony adduced at such new trial.

6. That when a cause is remanded for a new trial, it stands before the court below for the purpose of amendment or any other action just as it did before the first trial, except that nothing can be allowed

to be done inconsistent with the conclusions adjudged by the Circuit Court of Appeals on the writ of error to the judgment upon the first trial, which constitute the law of the case so far as it is applicable.

Under the mandate in this case the cause stands for trial anew, in accordance with the views expressed in the opinion of the appellate court as constituting the law of the case, upon any evidence that may be offered under the issues in the pleadings. There would seem no doubt of the power of this court now to entertain the motion and to allow any amendment that may be proper.

[5] The question then before the court is whether the amendment now asked for should be allowed. This is an application addressed to the discretion of the court, and depends upon the circumstances adduced as calling for the exercise of that discretion in favor of the amendment. The plaintiff filed affidavits in support of his application. At the hearing the defendant asked leave to submit affidavits also, if the court concluded that as matter of law the court could at this stage entertain the application. This leave will be given. It is:

Ordered, that both sides have leave to present to the court such affidavits on the facts of the cause as they may be advised for and against the allowance of the amendment applied for, such affidavits to be filed with the clerk within 30 days from the date of this order.

Let a copy of this order be mailed by the clerk to the attorneys of the respective parties.