## TODD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1915.)

### No. 4157.

1. **CRIMINAL LAW ⬅119, 420—USE OF MAILS TO DEFRAUD—EVIDENCE—ADMISSIBILITY—HEARSAY.**

Where, on a trial for conspiracy to use the mails to defraud creditors of a corporation by purchasing merchandise on credit, by means of the corporation and false representations of its financial standing, with intent not to pay therefor, by written orders for merchandise sent through the mails by the corporation to the creditors, stipulating that the shipper accepts the order at his own risk, billing goods direct to the purchaser, and does not hold the corporation responsible, should buyer refuse goods or fail to pay for same, accused claimed that the acceptance of an order by a creditor and shipment of goods thereon to the corporation constituted a consignment only, and the government insisted that it effected a sale of the goods and made the corporation liable to pay for them, and a seller, witness for the prosecution, testified that a consignment of goods to the corporation constituted a sale, that the goods were to be paid for within a specified time after shipment and that the seller replevied some of the goods, the reclamation petition of the seller, signed by its attorneys and verified by them, was inadmissible as hearsay; the witness not knowing the contents of the petition.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 973–983; Dec. Dig. ⬅419, 420.

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

2. **CRIMINAL LAW ⬅673—EVIDENCE—ADMISSIBILITY.**

Where the court, in admitting in evidence an instrument, ruled that the instrument was admitted to rebut a presumption, which could only be done by treating the instrument as evidence of the facts stated therein, the ruling could not be sustained on the theory that the instrument was admissible, because not introduced as evidence of the facts stated therein.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1597, 1872–1876; Dec. Dig. ⬅673.]

3. **CRIMINAL LAW ⬅1163—PREJUDICIAL ERROR—PRESUMPTIONS.**

Error in admitting evidence against accused is presumptively prejudicial to him, and it is only when the fact so clearly appears as to be beyond doubt that error did not and could not have prejudiced him, that the rule that error without prejudice is no ground for reversal will apply.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3090–3099; Dec. Dig. ⬅1163.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. CRIMINAL LAW ⊚⟶1169—USE OF MAILS TO DEFRAUD—EVIDENCE—HARMLESS ERROR.

On a trial for conspiracy to use the mails to defraud, error in admitting an instrument containing positive averments of facts tending to establish accused's guilt cannot be disregarded as nonprejudicial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 754, 3088, 3130, 3137–3143; Dec. Dig. ⊚⟶1169.]

In Error to the District Court of the United States for the Western District of Missouri; Frank A. Youmans, Judge.

Harry D. Todd was convicted of crime, and he brings error. Reversed.

J. G. L. Harvey, of Kansas City, Mo. (James A. Reed, of Kansas City, Mo., on the brief), for plaintiff in error.

William G. Lynch, Asst. U. S. Atty., of Kansas City, Mo. (Francis M. Wilson, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

SANBORN, Circuit Judge. The writ of error in this case questions the legality of the trial of the defendant below, Harry D. Todd, for participation in a conspiracy to use the mails to defraud certain creditors of the Auto Specialty Company, a corporation, by purchasing of them on credit, by means of the corporation and false representations of its financial standing, goods and merchandise with the intention never to pay for them. Todd was the president, Fenn the treasurer, and Ulmann the attorney of the corporation. They were jointly indicted. Fenn turned state's evidence, and Todd was convicted on five counts of the indictment, and sentenced to imprisonment in the penitentiary three years and to pay fines to the amount of $1,250.

[1] For the purpose of proving the purchase of the goods on credit the United States offered in evidence written orders for merchandise made and sent through the mails by the Specialty Company to the respective creditors named in the different counts of the indictment, each of which orders contained at its foot this note:

"The shipper accepts this order and fills same at his own risk, billing goods direct to purchaser, and does not hold the Auto Specialty Company responsible should the buyer refuse goods, or fail to pay for same. This order approved by Auto Specialty Company, Inc."

At the trial the defendant claimed that the acceptance of such an order and the shipment of the goods thereon to the Specialty Company constitute a consignment of the goods and leave the corporation exempt from liability to pay for them, and the plaintiff insisted that it effected a sale of the goods and charged the Specialty Company with liability to pay for them. To establish the latter claim the plaintiff introduced the testimony of John L. Dykes, who, on behalf of John G. L. Dykes Company, Incorporated, had received and filled such an order by shipping the goods to the Auto Specialty Company. He testified in chief, in answer to the plaintiff's question whether or not the goods were sent on consignment, against the objection of the defendant that this ques-

tion called for the explanation of a written document which was plain and unambiguous on its face: "The terms make it a sale." In answer to plaintiff's question, "Was that your understanding that they were to pay for the goods 60 days after shipment?" he testified, "Yes, sir." In answer to the plaintiff's questions he further testified in this way:

"Q. But you received the dividends through the trustee? A. We replevined. Q. Some of the goods? A. And they were set aside."

On cross-examination he testified that through the attorneys for his corporation, Ellis & Yale, a replevin suit for the goods was commenced. that he was not present when the suit was brought, and that he did not remember whether or not the ground of the replevin suit was that his corporation had never sold the goods to the Auto Specialty Company, but that it had sent them to that company on consignment. In this state of the case the plaintiff produced from the files of the proceedings in bankruptcy against the Specialty Company, which were instituted some months after the order of the Dykes Company was filled, a reclamation petition of the Dykes Company, signed by that corporation and by Ellis & Yale, its attorneys, and verified by Ellis. In this document the petitioner had alleged the facts which the plaintiff pleaded in the indictment against Todd for the purpose of establishing its contention that the defendant had participated in the scheme to use the Specialty Company to buy the goods of the Dykes Company and others with the intention never to pay for them, and prayed that its goods might be returned to it. To the introduction of this petition in evidence the defendant Todd objected, on the grounds that it was hearsay, that it was not filed in any proceeding to which Todd was a party, and that it was not binding upon him. But the court admitted it "as explanatory of the matter brought out by the plaintiff relative to the character of the claim and upon which it was based; the theory of the defendants," said the court, "as stated in the objections made to the court, being that these orders do not show purchases, as a matter of fact, but simply consignments, in which the title is retained by the purchaser. This is admitted to show upon what the claim in this particular instance was based, tending to rebut that presumption."

. But how was the petition of the Dykes Company, prepared and verified by one of its attorneys and filed in the bankruptcy proceeding against the Specialty Company, evidence against the defendant Todd to overcome "that presumption," the presumption arising from the orders that the goods were consigned and were not purchased? And this was the ground on which the court below declared that it admitted the petition. Dykes had testified that the accepted order evidenced a sale and not a consignment. . Even he could not have introduced his own written statement in another proceeding to that effect. It would have been a self-serving statement and incompetent. But this was a case and a trial to which Dykes was not a party. It was a criminal proceeding brought by the United States against Todd, and so far as the record discloses Todd was not present when the reclamation petition was filed. He never made it, or admitted its truth, nor was in any way bound by it. Not only this, but this petition was not even a statement or admission of the witness Dykes. He had testified that he was not present

when it was made and did not remember what the ground of it was. The truth is that this petition is nothing but the written statement under oath of Ellis of what some person or persons unknown had told him or his partner, Yale, the facts were in relation to the claim of the Dykes Company to the goods it shipped to the Specialty Company. It was what Ellis & Yale wrote that unknown persons had told them. It was written hearsay of verbal hearsay, and utterly incompetent evidence against Todd to rebut the presumption arising from the accepted orders that they evidenced consignments, and not sales.

[2] Counsel for the plaintiff seek to escape from this conclusion by the argument that this petition was admissible in evidence on the ground that it was not introduced as evidence of the facts it stated, but simply to show the grounds on which the Dykes Company sought to recover the goods, and because it was admissible for that purpose to overcome the inference that the order of the Dykes Company was a consignment inferable from Dykes' testimony brought out by the defendant that his company had replevined the goods. The contention is unsound (1) because the court declared to counsel and to the jury, when it admitted the petition in evidence, that it was received to rebut the presumption arising from the orders that they evidenced consignments, and not sales, and it was only by treating the petition as evidence of the facts it stated that it could have any such effect, and it went to the jury, and they must have considered it, on that theory. In the second place, the contention cannot be maintained, because it was the plaintiff and not the defendant that elicited from the witness Dykes the evidence that his company had replevined the goods, and the defendant never obtained from him any testimony that the replevin was based on the ground that the goods were consigned. When the defendant asked Mr. Dykes that question, he answered that he did not remember. The petition was not admissible to rebut or explain any evidence of Dykes that his company replevined on the ground that the goods were consigned, for he never gave any such testimony; it was not admissible to impeach Dykes because it had no such tendency; it was inadmissible to sustain his testimony, or to prove the averments of the indictment, because it was a self-serving statement of Dykes' corporation's attorneys, and because it was written hearsay of verbal hearsay, and no principle or rule of law occurs to us on which its admission can be sustained, while many forbid it.

[3] Counsel for the plaintiff contend, however, that the error of the admission of this petition is so slight and technical, and the guilt of the defendant is so conclusively proved by other evidence, that the error should be deemed without prejudice to the defendant and the judgment against him should be affirmed. But the legal presumption is that error produces prejudice. It is only when the fact so clearly appears as to be beyond doubt that an error did not prejudice and could not have prejudiced the complaining party that the rule that error without prejudice is no ground for reversal can have effect. Deery v. Cray, 5 Wall. 795, 807, 808, 18 L. Ed. 653; Peck v. Heurich, 167 U. S. 624, 629, 17 Sup. Ct. 927, 42 L. Ed. 302; Railroad Co. v. Holloway, 52 C. C. A. 260, 114 Fed. 458; Armour & Co. v. Russell, 75 C. C. A. 416, 417,

144 Fed. 614, 615, 6 L. R. A. (N. S.) 602; Mutual Reserve Life Ins. Co. v. Heidel, 161 Fed. 535, 539, 88 C. C. A. 477, 481.

[4] The reclamation petition contained positive averments of the controlling facts which tended to establish the conclusion that the defendant Todd and his associates conspired together to defraud the creditors of the Specialty Company by causing the company to purchase merchandise from them when the Specialty Company and its officers intended never to pay for them. Its averments went to the very substance of the charge against the defendant Todd in the indictment, it was introduced as evidence of the substance of that charge, and this court is unable to determine from the record whether it was upon this inadmissible evidence, or upon other evidence in the record, that the jury based its verdict, and it cannot disregard the error.

Other alleged errors are specified in the assignment of errors, but as the questions they present are not likely to arise in a second trial it is useless to consider them.

The judgment below must be reversed, and the case remanded to the District Court, with instructions to grant a new trial.

And it is so ordered.